UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOUG LONGHINI,

    Plaintiff,

v.                                                                                                                             Case No: 6:17-cv-987-Orl-40KRS

J.U.T.A., INC. and CELEBRATION PLAZA, INC.,

    Defendants.
_____/

## ORDER

This cause comes before the Court without oral argument on Defendant Celebration Plaza, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 20), filed September 6, 2017; and Plaintiff's Response (Doc. 20), filed September 20, 2017. The parties have completed their briefing and the Court is otherwise fully advised on the premises. For the following reasons, Defendant's motion to dismiss is due to be granted.

## I. BACKGROUND

Plaintiff, Doug Longhini, sues Defendants, Celebration Plaza, Inc. ("Celebration") and J.U.T.A., Inc. ("J.U.T.A."), seeking a declaratory judgment and injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189. Plaintiff is unable to walk, has limited use of his hands, and relies on a wheelchair to move. (Doc. 13, ¶ 13). Plaintiff suffered discrimination based on access barriers at Rio Mexican Grille/Sharky's Sports Bar (the "Property"), a business premises "owned and operated" by J.U.T.A. (*Id.* ¶¶ 8, 15). The Property is located in a shopping center that, according to the Amended Complaint, is "owned and operated" by Celebration. (*Id.*).

The Property is located in Kissimmee, Florida. (*Id.* ¶ 6). Plaintiff lives in Broward County, Florida. (Doc. 9-1, ¶ 1).[1] Plaintiff alleges that he has "frequented the Defendants' Kissimmee property and restaurant/bar" and intends to return within four months of the Amended Complaint's filing. (*Id.* ¶ 16). He also alleges a continuing threat of discrimination from Defendants' ADA violations because of his "desires to visit the property, not only to avail himself of the goods and services available at the property and restaurant/bar business, but to assure himself that the property and restaurant/bar business are in compliance with the ADA . . . ." (*Id.* ¶ 21). As both a patron and a tester Plaintiff allegedly visited Defendants' location once—on April 7, 2017—before initiating this action on June 1, 2017. (Doc. 1; Doc. 13, ¶ 15).

Plaintiff alleges that he observed numerous ADA violations at the Property. (Doc. 13, ¶ 23). Specifically, Plaintiff alleges that he observed the following violations: (1) inadequate number of disabled use parking spaces and unlawful level changes and obstructions in the parking lot, (2) non-compliant slopes along the path to the entrances of the restaurants, (3) inside the restaurants, the service counters and bars exceed height limits and there is no accessible dining area, and (4) the public restrooms violate the ADA. (*Id.*).

## II. STANDARDS OF REVIEW

Rule 12(b)(1) attacks on subject matter jurisdiction may be facial or factual. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

---

[1] The Amended Complaint does not allege Plaintiff's residential address. Plaintiff's Miami address was gleaned from extrinsic evidence, namely the Plaintiff's Answers to Court Interrogatories, Doc. 9-1, which the Court may freely consider because of Defendant's factual challenge to Plaintiff's standing. *See infra* note 2.

For facial attacks, the Court accepts the complaint's allegations as true. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam). Factual attacks, in contrast, allow a court "to consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael*, 572 F.3d at 1279. Factual attacks place the burden on the plaintiff to show that jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

Article III, Section 2 of the United States Constitution limits federal courts' jurisdiction to actual cases and controversies. Standing is part of this limitation, as a "threshold jurisdictional question" that must be resolved before a court can turn to a claim's merits. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). Courts determine standing at the time of filing. *Id.* at 976.

## III. DISCUSSION

Defendant asserts three separate grounds to dismiss the Amended Complaint. (Doc. 19). A favorable ruling for Defendant on its Rule 12(b)(1) motion to dismiss for lack of standing is, however, dispositive because it attacks the Court's subject matter jurisdiction over Plaintiff's claim.

Defendant challenges Plaintiff's standing based on (1) the allegations of the Amended Complaint, (2) Plaintiff's residence (which was absent from the Amended Complaint), and (3) Plaintiff's history of filing ADA suits. (Doc. 19, ¶¶ 21–23).[2] Plaintiff did

---

[2] Because such evidence is extrinsic to the pleadings, the Court construes Defendant's challenge as a factual attack; therefore, the Court may "consider extrinsic evidence such as deposition testimony and affidavits." *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–36 (11th Cir. 2013) (construing a 12(b)(1) challenge as factual because the parties submitted evidence outside of the complaint). Moreover, the Court can weigh facts, and is not required to view those facts in the light most favorable to Plaintiff. *Id.* at 1336.

not cite to extrinsic evidence in response. Instead, Plaintiff proffers that he "visits the Orlando/Kissimmee area many times a year and the actual distance . . . from where he stays on each visit is usually less than approximately five to fifteen (5-15) miles from the Defendant's facility." (Doc. 20, p. 5). Furthermore, Plaintiff expressed a "wish[]" and "inten[t] to visit the property again in the near future . . . ." (*Id.*).

To establish standing, a plaintiff must allege: (1) injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable ruling. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Houston*, 733 F.3d at 1328. In the ADA context, when seeking prospective injunctive relief, a plaintiff must also plausibly show that she will suffer disability discrimination by the defendant in the future. *Houston*, 733 F.3d at 1328. This means that the threat of future injury must be "real and immediate—as opposed to merely conjectural or hypothetical." *Id.*

Here, Plaintiff meets the first two elements of standing. First, Plaintiff established an injury-in-fact based on the barriers he faced at Defendant's Property. (*See* Doc. 13, ¶¶ 17–18). Being deterred from returning to Defendants' property in the future due to discriminatory barriers establishes a "cognizable interest for purposes of standing." *See Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222 (M.D. Fla. 2012) (citation and quotation marks omitted). Second, Plaintiff satisfies causation because his

---

In his Response, Plaintiff contends that the factual allegations of the Amended Complaint are "entitled to be presumed to be true" at the motion to dismiss stage. (Doc. 20, p. 5). However, district courts considering factual Rule 12(b)(1) challenges are free to "consider extrinsic evidence" and are "not constrained to view [the evidence] in the light most favorable to" the plaintiff. *Carmichael*, 572 F.3d at 1279.

alleged injury-in-fact occurred at the Property where he encountered those barriers. *See De Palo v. Walker Ford Co.*, No. 8:15-cv-169-T-27AEP, 2015 WL 4506890, at *3 (M.D. Fla. July 23, 2015).

Finally, Plaintiff must demonstrate that his injury "will be redressed by a favorable decision." *See Houston*, 733 F.3d at 1328. To do so where, as here, the plaintiff seeks prospective injunctive relief, he must show that he will plausibly suffer future disability discrimination from the defendant. *See Hoewischer*, 877 F. Supp. 2d at 1222. To establish the requisite "real and immediate threat of future injury," a plaintiff pursuing injunctive relief "under Title III either must 'have attempted to return' to the non-compliant building or at least 'intend to do so in the future.'" *Houston*, 733 F.3d at 1336 (first quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974); and then quoting *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001)).

Analyzing the threat of future discrimination frequently turns on four factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *See Hoewischer*, 877 F. Supp. 2d at 1223. The standing determination for a plaintiff seeking injunctive relief is a "fact-sensitive inquiry[.]" *Houston*, 733 F.3d at 1340. "District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of injury." *Id.* at 1337 n.6. For the reasons discussed below, the Court finds that Plaintiff's likelihood of suffering a future injury is speculative or conjectural.

First, the distance between the Property and Plaintiff's residence weighs against Plaintiff's standing. According to Defendant's motion to dismiss and Plaintiff's

interrogatory responses, Plaintiff resides in Miami.[3] (Docs. 9-1, ¶ 1; 19, ¶ 23). The Property is located approximately 237 miles from Plaintiff's residence.[4] The Eleventh Circuit has suggested that such a distance tends to negate the likelihood of future injury absent other connections to the area in question. *See Houston*, 733 F.3d at 1337 (finding standing present where the plaintiff lived 30.5 miles from the business in question, but noting, "[o]f course, different facts may demand a different conclusion" had the plaintiff lived "hundreds of miles away from the store with no particular reason to return"). The likelihood of future injury is therefore lessened based on this distance.

Second, Plaintiff's past patronage weighs in Defendant's favor. At the time Plaintiff initiated this action, he had allegedly visited the Property once, in April 2017. (Docs. 9-1, ¶ 3; 13 ¶ 15). By only visiting the Property once before filing, Plaintiff has not established that he is a frequent visitor to the Property. *See Houston*, 733 F.3d at 1336.

Third, Plaintiff has not demonstrated a definitive plan to return. Although Plaintiff alleges he has "frequented" the Property, the Amended Complaint and answers to court interrogatories disclose only one visit in April 2017. (Docs. 9-1, ¶ 3; 13, ¶ 15). In the Amended Complaint, Plaintiff alleged a "desire[]" to visit the Property to "avail himself of

---

[3]  Plaintiff does not dispute this contention.

[4]  Although neither party offered evidence as to this distance, the Court calculated this distance through a Google Maps query of the distance between Plaintiff's address and the address of the Property, see Google Maps, www.maps.google.com (last visited Feb. 15, 2018), and takes judicial notice of that fact. *See* Fed. R. Evid. 201(b)(2), (c)(1), (d); *Munson S.S. Lines v. Newman*, 24 F.2d 416, 417 (5th Cir. 1928) (taking judicial notice of distance between cities); *U.S. v. Williams*, 476 F. Supp. 2d 1368, 1378 n.6 (M.D. Fla. 2007) ("A Court may take judicial notice of the driving distance between two points located in the record using mapping services whose accuracy cannot reasonably be questioned."). The relevant addresses are drawn from Plaintiff's answers to court interrogatories and from the Amended Complaint. (Docs. 9-1, ¶ 1; 13; ¶ 6).

the goods and services" and check for ADA compliance. (Doc. 13, ¶ 21). In Plaintiff's Response to Defendant's motion to dismiss, Plaintiff aired his intent to return in two sentences:

> The Plaintiff visits the Orlando/Kissimmee area many times a year and the actual distance form his [sic] from where he stays on each visit is usually less than approximately five to fifteen (5-15) miles from the Defendant's facility. The Amended Complaint also expressly alleges that Plaintiff *wishes* to continue patronage of the restaurant/bar and plaza property intends to visit the property again in the near future, more specifically within the four (4) months' [sic] time of the Amended Complaint's filing . . . .

(Doc. 20, p. 5). But to meet his burden here, Plaintiff must evince more than a generalized "someday" wish to return at an unspecified point "in the near future." *See Lujan*, 504 U.S. at 564. An intent to return in the future to a place once-visited without an additional connection to the area or reason to visit again does not suffice for standing. *Cf. Houston*, 733 F.3d at 1336 (finding that, despite the distance to the store exceeding thirty miles, the plaintiff had standing because the market at issue was on the way to his attorney's office in Miami, which he had reason to visit with frequency). Moreover, the tester motive has been recognized as legitimate, but a desire to return to test for ADA compliance has not been deemed sufficient, without more, to support standing. Rather, it has been considered alongside other facts demonstrating a plaintiff's concrete plan to return to a property. *See, e.g.*, *id.* The third factor thus weighs in Defendant's favor.

The fourth factor weighs in Plaintiff's favor. Plaintiff's Response provides that "Plaintiff visits the Orlando/Kissimmee area many times a year . . . ." (Doc. 20, p. 5). The Court finds this contention credible in light of Plaintiff's history as an ADA tester and track record of initiating ADA lawsuits. (Docs. 13, ¶ 21; 19-2, p. 4).

Under the "totality of the facts," the Court finds Plaintiff has failed to meet his burden of establishing standing. Only one factor tilts in Plaintiff's favor, while the other

three weigh against Plaintiff. Without more, Plaintiff's bare allegations of generalized plans to travel more than 200 miles for unspecified "goods," a meal, and to inspect Defendant's property for ADA compliance fail to demonstrate a likelihood of future injury. In sum, Plaintiff lacks standing to seek prospective injunctive relief against Defendant.[5]

Absent standing, Plaintiff's claims cannot continue, so the Court need not address Defendant's other grounds for dismissal. The Court will, however, provide Plaintiff an additional opportunity to establish jurisdiction by submitting an amended complaint.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Celebration Plaza, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 20) is **GRANTED IN PART AND DENIED IN PART**.

    a. The Motion is **GRANTED** based on Defendant's 12(b)(1) motion to dismiss for lack of standing.

    b. In all other respects, the Motion is **DENIED**.

2. Plaintiff Doug Longhini's Amended Complaint (Doc. 13) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a Second Amended Complaint that remedies the deficiencies identified herein no later than **fourteen (14) days** from the date of this Order.

---

[5] On similar facts, district courts have reached the same conclusion. *See, e.g.*, *Bowman v. G.F.C.H. Enters.*, No. 14-22651-CIV, 2014 WL 5341883, at *3 (S.D. Fla. Oct. 20, 2014); *Lamb v. Charlotte Cty.*, 429 F. Supp. 2d 1302, 1309–10 (M.D. Fla. 2006); *Access for the Disabled, Inc. v. Rosof*, No. 8:05-cv-1413-T30TBM, 2005 WL 3556046, at *2 (M.D. Fla. Dec. 28, 2005).

**DONE AND ORDERED** in Orlando, Florida on March 13, 2018.

							*[signature]*
							PAUL G. BYRON
							UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties